NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE HAROLD VEN-NOY DAVIS,**
*Petitioner.*

---

Miscellaneous Docket No. 112

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in case no. 11-CV-2322.

-------------------------------------------------

**IN RE HAROLD VEN-NOY DAVIS,**
*Petitioner.*

---

Miscellaneous Docket No. 116

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in case no. 11-CV-2322.

---

**ON PETITION**

---

PER CURIAM.

## ORDER

Harold Ven-Noy Davis has filed two petitions for a writ of mandamus to direct the United States Court of Appeals for Veterans Claims ("Veterans Court") to expedite proceedings before it. The Secretary of Veterans Affairs ("Secretary") opposes. Mr. Davis replies. Mr. Davis also moves for other various relief. The Secretary moves for leave to file a response to Mr. Davis's "Emergency Motion for Extension or Reconsideration," out of time.

### I.

On December 6, 2010, the Veterans Court vacated a Board of Veterans' Appeals's ("Board") decision denying entitlement to service connection for Mr. Davis's hepatitis C and remanded for further adjudication and development. The Veterans Court issued a mandate on March 15, 2011. Several months later on July 29, 2011, Mr. Davis filed with the Veterans Court a petition for extraordinary relief seeking to compel the Secretary to act expeditiously. The basis for that petition was Mr. Davis's poor health. That petition was denied. On September 2, 2011, Mr. Davis filed with the Veterans Court a motion for a panel decision. This was followed by an amended motion on September 14, 2011, and a motion for clarification on October 11, 2011. On December 15, 2011, a Veterans Court panel granted the motions for a decision by a panel and ordered that "the single-judge order remains the decision of the Court."

Prior to the issuance of that decision, on December 12, 2011, Mr. Davis filed a motion for a decision by the full Veterans Court. Seven days later, while that motion was still pending before the Veterans Court, Mr. Davis filed

his first mandamus petition with this court, seeking an order directing the Veterans Court to expedite consideration of his motion for full-court review. Mr. Davis filed another petition with this court seeking the same relief. The basis for these two petitions is again Mr. Davis's failing health. On January 3, 2012, Mr. Davis submitted another "Motion for Full-Court Decision" to the Veterans Court. The Veterans Court has not yet acted on Mr. Davis's motions for a full-court decision.

## II

A writ of mandamus is a drastic remedy that is used sparingly. This court can issue a writ only when the following conditions are met: 1) the petitioner must have no other adequate means to attain the relief he desires; 2) the petitioner must demonstrate a clear and indisputable right to the issuance of the writ; and 3) the court must be convinced that the circumstances warrant issuance of the writ. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

Mr. Davis has not shown that the minimal delay here justifies the drastic remedy of a writ of mandamus sought in either of his two mandamus petitions.

Accordingly,

IT IS ORDERED THAT:

(1)   The petitions for a writ of mandamus are denied.

(2)   Mr. Davis's request for other various relief is denied.

(3)   The Secretary's motion is denied as moot.

FOR THE COURT

MAR 0 8 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Harold Ven-Noy Davis
     Jeanne E. Davidson, Esq.
     Clerk, United States Court of Appeals for Veterans
Claims

s25

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**·MAR U 8 2012**

**JAN HORBALY**
**CLERK**